UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CR-20129-MIDDLEBROOKS

UNITED STATES OF AMERICA

vs.

HECTOR ALEJANDRO CABRERA FUENTES,

Defendant.
_____/

## PLEA AGREEMENT

The United States of America and Hector Alejandro Cabrera Fuentes (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the one count of the Indictment, which charges the defendant with acting on behalf of a foreign government without notifying the Attorney General, in violation of Title 18, United States Code, Section 951.

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant acknowledges and understands that the U.S.S.G. does not specify a Guidelines range for a violation of 18 U.S.C. § 951. The defendant acknowledges and understands that where the Guidelines do not expressly specify a Guideline range, the Court should "apply the most analogous guideline. If there is not a sufficient analogous Guideline, the provisions of 18 U.S.C. § 3553

shall control, except that any Guidelines and policy statements that can be applied meaningfully in the absence of a Chapter Two offense guideline shall remain applicable." U.S.S.G. § 2X5.1. The parties agree that there is no sufficiently analogous Guideline for the underlying substantive offense and that the provisions of 18 U.S.C. § 3553 should control sentencing. The defendant acknowledges and understands that the final decision regarding the applicable sentencing Guideline and offense level, if any, will be made by the Court. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the court may impose a statutory maximum term of to 10 years as to the count in the Indictment, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100

2

will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend, based on the factors in Title 18, United States Code, Section 3553, that the court sentence the defendant to a term of imprisonment of 4 years.

7. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the

court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. This Office is unaware of any information establishing the factual innocence of the defendant in the offense referred to in paragraph one of this agreement. This Office understands it has a continuing duty to provide such information establishing factual innocence of the defendant. The defendant understands that if this case proceeded to trial, this Office would be required to provide impeachment information relating to any informants or other witnesses. In addition, if the defendant raised an affirmative defense, this Office would be required to provide information in its possession that supports such a defense. Further, if this case proceeded to trial, this Office would be required to provide other information and materials in accordance with Fed. R. Crim. P. 16 and the Southern District of Florida's Standing Discovery Order. In return for the Government's promises set forth in this agreement, the defendant waives the right to receive in discovery any such information and materials other than information and materials establishing the factual innocence of the defendant, and agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of such information and materials other than information and materials establishing the factual innocence of the defendant.

9. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration or naturalization status or his re-entry into the United States if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Removal, denaturalization, restriction from re-entering the United States, and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms

that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States and restriction from re-entering the United States.

10. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution or forfeiture order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute to which the defendant is pleading guilty is unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute of conviction.

The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

5

11. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 2-15-22  By: _____
MICHAEL E. THAKUR
ASSISTANT UNITED STATES ATTORNEY

MATTHEW G. OLSEN
ASSISTANT ATTORNEY GENERAL
NATIONAL SECURITY DIVISION

Date: 2-15-22  By: _____ For
MATTHEW J. MCKENZIE
TRIAL ATTORNEY

Date: 2-14-22  By: _____
RONALD GAINOR, ESQ.
ATTORNEY FOR DEFENDANT

Date: 2-14-22  By: _____
AMBER DONNER, ESQ.
ATTORNEY FOR DEFENDANT

Date: 02/14/2022  By: _____
HECTOR ALEJANDRO CABRERA FUENTES
DEFENDANT

6