**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-CR-20129-MIDDLEBROOKS**

UNITED STATES OF AMERICA

vs.

HECTOR ALEJANDRO CABRERA FUENTES,

Defendant.

_____/

**ORDER OF JUDICIAL REMOVAL**

Upon the application of the United States of America, by Juan Antonio Gonzalez, United States Attorney for the Southern District of Florida, and Michael E. Thakur, Assistant United States Attorney for said District; upon the Factual Allegations in Support of Judicial Removal; upon the consent of HECTOR ALEJANDRO CABRERA FUENTES ("the defendant") and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1. The defendant is not a national or citizen of the United States.

2. The defendant is a native of Mexico and citizen of Mexico.

3. The defendant was admitted to the United States on a non-immigrant B1/B2 visa on February 13, 2020.

4. Since in or around 2019, the defendant acted under the direction and control of an individual the defendant believed to be a Russian government official. The manner in which the defendant communicated with the Russian government official and his undertakings in this case are consistent with the tactics of the Russian intelligence services for spotting, assessing, recruiting, and handling intelligence assets and sources.

5. At the direction of this Russian government official, the defendant arranged for an intermediary to lease a unit in a specific residential building in Miami-Dade County where a specified U.S. Person, who had previously provided information about the Russian government to the United States government, resided. The defendant, also at the direction of this Russian government official, traveled to Miami in February 2020 to obtain the license plate number and parking location of the specified U.S. Person's car and to provide this information to the Russian official on his next trip to Russia.

6. On February 28, 2020, the defendant was charged in an Indictment in the Southern District of Florida with one count of violating Title 18, United States Code, Section 951, by knowingly acting within the United States as an agent of a foreign government, specifically the Russian Federation, without prior notification to the Attorney General.

7. At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the U.S. District Court for the Southern District of Florida for the offense of violating 18 U.S.C. § 951.

8. The maximum sentence for a violation of 18 U.S.C. § 951 is 10 years imprisonment.

9. The defendant is, and at sentencing will be, subject to removal from the United States pursuant to:

Section 237(a)(1)(B) of the Immigration and Nationality Act (INA), as amended, 8 U.S.C. § 1227(a)(1)(B), as amended, in that after admission as a nonimmigrant under INA section 101(a)(15), 8 U.S.C. § 1101(a)(15), you have remained in the United States for a time longer than permitted, in violation of the INA or any other law of the United States; and

Section 237(a)(4)(A)(i) of the INA, as amended, 8 U.S.C. § 1227(a)(4)(A)(i), as amended, in that you have engaged, are engaged, or at any time after admission were

engaged in any activity to violate any law of the United States relating to espionage or sabotage or to violate or evade any law prohibiting the export from the United States of goods, technology, or sensitive information.

7.  The defendant has waived his right to notice and a hearing under Section 238(c) of the INA, 8 U.S.C. § 1228(c).

8.   The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.


WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the INA, 8 U.S.C. § 1228(c), that the defendant is ordered removed from the United States to Mexico promptly upon his release from confinement.



Dated:

6/21/22

Miami, FL


DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE